Allstar Prods., Inc. v Forman (2023 NY Slip Op 50293(U))

[*1]

Allstar Prods., Inc. v Forman

2023 NY Slip Op 50293(U)

Decided on March 17, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-593 K C

Allstar Products, Inc., Appellant,
against
Neal Forman, Respondent. 

Allstar Products, Inc., appellant pro se.

Neal Forman, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Keisha M. Alleyne, J.), entered May 25, 2022. The judgment, after an inquest, dismissed the action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $2,040.73.
In this commercial claims action, plaintiff seeks to recover the principal sum of $2,040.73 based on "failure to pay for services rendered." Upon defendant's failure to appear for trial, an inquest was conducted. At the inquest, plaintiff appeared by its principal, Thomas David Mascoff. Mascoff stated that, from 2004 to 2012, plaintiff had provided computer services to defendant, an attorney, for which it had invoiced defendant and had credited defendant for his partial payments, the last of which had been received in 2014. Mascoff presented the court with plaintiff's invoices, which reflected the payments defendant had made and showed an outstanding balance of $2,040.73. He also provided the court with two letters plaintiff had sent to defendant demanding that sum. Following the inquest, the action was dismissed upon a finding that it was barred by the statute of limitations.
The statute of limitations is one of the defenses enumerated in CPLR 3211 (a) (5) which is generally required to be raised either by a pretrial motion or in a responsive pleading (see CPLR 3211 [e]). In a small claims or commercial claims action, if the defense of statute of limitations is not raised as an issue by a party, whether by motion or at trial, it is waived (see Smith v Clough, 65 Misc 3d 129[A], 2019 NY Slip Op 51551[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; German v Amadio, 29 Misc 3d 141[A], 2010 NY Slip Op 52124[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Since defendant, who defaulted, never raised the statute of limitations as an issue, the defense was waived. Consequently, the dismissal of the action on the ground that the claim was barred by the statute of limitations failed to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804-A, 1807-A).
Mascoff's testimony and his submission of plaintiff's invoices to defendant, which reflected the credits made to defendant's account based on defendant's partial payments, sufficiently established a prima facie case and plaintiff's entitlement to an award of damages in the principal sum of $2,040.73 (see Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.32).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $2,040.73.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 17, 2023